UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWARD MANUAL CORBETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00111 |
| | § | |
| ARANSAS COUNTY 36TH DISTRICT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Edward Manual Corbett, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that all of Plaintiff's claims be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is confined as a pretrial detainee at the Aransas County Detention Center (ACDC) in Rockport, Texas. Plaintiff's allegations in this case arise in connection with his current confinement.

In his original complaint, Plaintiff named the following defendants: (1) Aransas County 36th District; (2) Aransas County Sheriff Bill Mills; and (3) the ACDC. (D.E. 1, pp. 1, 3). Plaintiff alleged in a confusing manner that he had requested "Pod officers" for "the addresses of Texas Rangers, DIP.S [sic] and other atrocities, higher than the local level." (Id. at 4). He alleged further that he has written others, including Judge Diana McGinnis and an unidentified Assistant United States Attorney. (Id.). According to Plaintiff, he has written nearly twenty addresses. (Id.). Plaintiff fears that he and his family will be killed if his letters fall in the wrong hands. (Id.). Plaintiff seeks injunctive relief in the form of helping with his mental anguish and sending "some one [sic] that cares." (Id.).

At the Court's direction, Plaintiff has filed a More Definite Statement. (D.E. 8). Plaintiff alleges the following pertinent facts in his More Definite Statement. Plaintiff states that he is 47 years old. (Id. at 1). He is 6 feet tall and weighs 240 pounds. *Id.* On September 22, 2022, Plaintiff was brought into custody at the ACDC on charges of

aggravated sexual assault, solicitation, obstruction, retaliation, and the manufacture and delivery of unspecified drugs.  *Id.*  Plaintiff was appointed counsel to represent him in his Aransas County criminal proceeding.  *Id.* at 2.  A trial has yet to be set in his criminal case.  *Id.*

Plaintiff seeks to send letters to the following individuals and entities: (1) Judge Diana McGinnis; (2) Judge Dupniki; (3) Judge Bianchi; (4) Judge C. H. Mills; (5) the clerk for the 36th District Court of Texas; (6) the Texas Rangers in Austin; (7) the "AUSA"; (8) "DPS"; (9) Texas Rangers, Patrol Division; (10) the Texas Rangers in Houston; (11) the Federal Bureau of Investigation ("FBI"); (12) and the State Police.  (*Id.* at 2).  Plaintiff submitted requests to several officers at the ACDC to send letters to his listed addresses.  (*Id.* at 4).  Plaintiff states that, in response to his requests, officers have provided him either the wrong address or have indicated they cannot give out the requested information.  (*Id.*).  Nevertheless, Plaintiff acknowledges he has been able to send letters to many of these individuals and entities.  (*Id.* at 3).

Plaintiff's allegations reflect that: (1) he seeks to send letters to numerous officials above the local county level; (2) he hopes that the individuals to whom he is sending his letters will ultimately communicate with him, listen to what he has to say about being in fear of his life, and understand that he wants to bring closure to unspecified families; (3) he also seeks to the bring to the attention of the letters' recipients relevant information about missing persons, high profile cases, and cold cases; and (4) should his letters be sent to the wrong address and the information contained within fall into the wrong hands, he

believes he will be murdered with his whole family under attack as to why he never came forward. (D.E. 8, p. 5-6).

In his More Definite Statement, Plaintiff clarified that he seeks to sue Aransas County instead of Aransas County 36th District.[2] (D.E. 7, p. 7). Plaintiff claims that Aransas County is responsible for printing Plaintiff's indictment in the newspaper. (*Id.*). According to Plaintiff, the publication of his indictment in the paper will likely cause him and his family to be attacked due to the false misrepresentations contained in the indictment. (*Id.*). Plaintiff claims that Aransas County violated his constitutional rights under the Fourteenth Amendment, the Nineteenth Amendment, and "Article 12." (D.E. 8, p. 8).

Plaintiff asserts that Sheriff Mills is the official responsible for promulgating and implementing the policies and procedures in place at the ACDC. (*Id.* at 8). Plaintiff alleges that these policies and procedures govern what ACDC officials are allowed to do or provide to ACDC inmates in connection with their ability to communicate with officials outside Aransas County. (*Id.*). Plaintiff claims that Sheriff Mills violated his constitutional rights under the Fourteenth Amendment, the Nineteenth Amendment, and "Article 12 (Correspondence)." (*Id.* at 3, 8).

Plaintiff claims that the ACDC violated his constitutional rights under Article 12 (Correspondence) by not ensuring his letters end up in the right hands, thereby placing his life and his family's life in jeopardy. (*Id.* at 9).

---

[2] By separate Order, the undersigned directed the Clerk of the Court to substitute Aransas County in place of Aransas County 36th District.

In addition to monetary relief, Plaintiff clarifies that he seeks injunctive relief in the form of having his indictment only published online and not in print. (*Id.*).³

## III. GOVERNING LAW

### A. Legal Standard for Screening of Plaintiff's Action

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

---

³ On August 8, 2023, the Court received materials from Plaintiff that were docketed as a More Definite Statement (Supplemental). (D.E. 10). Therein, Plaintiff provides documentation of his failed attempts to obtain certain law books. (*Id.* at 2-14). In a separate prisoner civil rights action filed before this action, Plaintiff claimed that his constitutional rights were violated due to ACDC officials denying him access to law books." *Corbett v. Mills*, No. 2:23-CV-00088 (S.D. Tex. 2023). As Plaintiff's supplemental More Definite Statement (D.E. 10) references his claim brought in the prior case, it will be disregarded in connection with the claims raised in this action.

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

**B. Relevant law regarding 42 U.S.C. § 1983**

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the

improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

A supervisory official may be held liable only if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).. "A policy is normally an official statement, ordinance, or regulation, but in certain circumstances a persistent, widespread practice that is so commonplace as to constitute a custom can also be treated as policy." *McNeil v. Caruso*, No. 17-01688, 2019 WL 1435831, at *2 (M.D. La. Mar. 28, 2019) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001)).

As discussed below, Plaintiff's primary allegations are liberally construed as claims against Aransas County. Counties may be held liable under § 1983, but a municipality cannot be held vicariously liable for its employees' actions under a theory of respondeat superior. *See Webb v. Twn. of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019). A local government entity can be held liable under § 1983 only for constitutional harms that are directly attributable to the governmental entity itself. *See Bailey v. City of San Antonio*, No.

SA-20-CV-00466-XR, 2023 WL 2147700, at *18 (W.D. Tex. Feb. 17, 2023) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). To successfully establish municipal liability under § 1983, a plaintiff must identify "(1) an official policy (or custom), of which, (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *see also Monell*, 436 U.S. at 694. "[I]solated unconstitutional actions by municipal employees will almost never trigger liability," because "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski*, 237 F.3d at 578.

The first element for municipal liability, an official policy or custom, is defined as either a "policy, statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority" or a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*). The second element is actual or constructive knowledge of such custom attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority. *Id.* To satisfy the third element, a plaintiff must show that a constitutional violation occurred, and that the municipal action was taken with

the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

## IV.   DISCUSSION

### A. Plaintiff's Claims against the ACDC

Plaintiff names the ACDC as one of the defendants in this case. (D.E. 1, pp. 1, 3; D.E. 8, p. 9). Plaintiff, however, cannot sue a Texas county jail because it is a nonjural entity and, therefore, lacks the capacity to be sued under § 1983. *See Crawford v. Collin Cnty. Det. Facility*, No. 4:20-CV-668-RAS-CAN, 2022 WL 4459855, at **2-3 (E.D. Tex. Aug. 18, 2022), *recommendation adopted*, 2022 WL 4449315 (E.D. Tex. Sept. 22, 2022) (recognizing that a county detention facility does not have jural existence and cannot be a proper party to a lawsuit). Accordingly, the undersigned recommends that Plaintiff's claims against the ACDC be dismissed with prejudice as frivolous or for failure to state a claim upon which relief may be granted.

### B. Aransas County - Printing of Indictment

Plaintiff claims that Aransas County is responsible for printing Plaintiff's indictment in the newspaper. (D.E. 7, p. 7). According to Plaintiff, the publication of his indictment in the paper will likely cause him and his family to be attacked due to the false misrepresentations contained in the indictment. (*Id.*). Liberally construed, Plaintiff claims that the publication of his indictment while he is confined as a pretrial detainee violates his due process rights under the Fourteenth Amendment.

"The constitutional rights of a pretrial detainee are found in the procedural and substantive due process guarantees of the Fourteenth Amendment." *Estate of Henson v. Wichita Cnty.*, 795 F.3d 456, 462 (5th Cir. 2015). "The Fourteenth Amendment requires that state officials not disregard the 'basic human needs of pretrial detainees ….'" *Estate of Henson v. Krajca*, 440 F. App'x 341, 343 (5th Cir. 2011) (quoting *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc)); *see also Wichita Cnty., 795 F.3d at 462* (quoting this language from *Krajca*). "[T]he substantive limits on state action set by the Due Process Clause provide that the state cannot punish a pretrial detainee." *Wichita Cnty.*, 795 F.3d at 462.

The Fourteenth Amendment entitles pretrial detainees to be free from punishment and to be provided with basic human needs, such as food, water, clothing, medical care, and safe conditions. *See Hare*, 74 F.3d at 639, 650. Such basic needs constitute "humane conditions of confinement" required under the Eighth Amendment, which are applicable to pretrial detainees through the Fourteenth Amendment. *Id.* at 649. However, deprivation of a basic need violates an inmate's constitutional rights only when the deprivation is so serious as to amount to a denial of "the minimal civilized measure of life's necessities." *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Whether a deprivation fails to pass the minimal civilized measure of life's necessities threshold "depends on the amount and duration of the deprivation." *Talib*, 138 F.3d at 214 n.3. This inquiry requires evaluating the extent to which the plaintiff experienced the deprivation, for how long, and the injury arising therefrom. *See Berry v.*

*Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999); *Lockamy v. Rodriguez*, 402 F. App'x 950, 951 (5th Cir. 2010).

Here, Plaintiff's allegations, accepted as true, are threadbare and conclusory. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. He provides no specific facts identifying the "false misrepresentations" contained in the indictment or showing how such misrepresentations have placed his life in danger at the ACDC. His allegations wholly fail to show that the publication of his indictment constitutes impermissible punishment, that he has suffered any cognizable injury, or otherwise has resulted in the denial of the "minimal civilized measure of life's necessities" at the ACDC. *See Wilson*, 501 U.S. at 298. Plaintiff, therefore, has failed to allege a viable due process claim based on the publication of his indictment.

Plaintiff also states in a conclusory manner that the publication of his indictment violates the Nineteenth Amendment. The Nineteenth Amendment to the Constitution establishes that the rights citizens to vote "shall not be denied or abridged by the United States or by any State on account of sex." This amendment has no applicability to the facts of this case. Accordingly, Plaintiff cannot state a Nineteenth Amendment claim.

Lastly, Plaintiff claims in a cryptic manner that the written publication of his indictment violates Article 12. Under a very liberal construction, Plaintiff's claim may refer to the Universal Declaration of Human Rights ("Declaration") Article 12, which provides that:

> No one shall be subjected to arbitrary interference with his privacy, family, home, or correspondence, nor to attacks upon his honour and reputation.

> Everyone has the right to the protection of the law against such interference or attacks.

*See Lihter v. Pierce & Assocs.*, No. 16 C 50080, 2016 WL 4771370, at *4 (N.D. Ill. Sep. 13, 2016). The Declaration, however, does not create a private right of action. *Id.* Plaintiff, therefore, may not bring an action in federal court based on Article 12 of the Declaration.

For these reasons, Plaintiff fails to plausibly allege a claim for municipal liability. First, as discussed above, he fails to demonstrate any constitutional injury from the underlying claim, so there can be no municipal liability. *See Williams v. Burleson Cnty., Texas*, No. A-22-CV-750-RP, 2023 WL 4833484, at *5 (W.D. Tex. Jul. 27, 2023) (citing *Whitley v. Hanna*, 726 F.3d 631, 648-49 (5th Cir. 2013)). In addition, Plaintiff fails to allege any policy or custom on the part of Aransas County with regard to the written publication of indictments in the newspaper. He merely alleges that his indictment was published in the newspaper. *See Monell*, 436 U.S. at 694. This allegation is insufficient to plausibly allege municipal liability as to this claim. Plaintiff further does not allege the existence of any persistent or widespread practice regarding the publication of indictments that caused any alleged injury. *Id.* at 691-95.

Accordingly, the undersigned recommends that Plaintiff's claims against Aransas County arising from the publication of his indictment be dismissed with prejudice as frivolous or for failure to state a claim upon which relief can be granted.

### C. Sheriff Mills - Addresses

Plaintiff seeks to hold Sheriff Mills responsible in his official capacity for subordinate ACDC officials either denying Plaintiff the addresses of officials he seeks to

write or providing him wrong addresses for other officials. (D.E. 8, pp. 4, 8). Any such suit against Sheriff Mills in his official capacity, however, is merely another way of pleading an action against his municipal employer, Aransas County. *See Garcia v. Dallas Police Dep't*, No. 3:13-CV-1261-B-BH, 2013 WL 5433502, at *5 (N.D. Tex. July 1, 2013), *supplemented*, 2013 WL 5433510 (N.D. Tex. July 29, 2013), *recommendation adopted*, 2013 WL 5434165 (N.D. Tex. Sept. 27, 2013) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Regardless of the proper defendant, Plaintiff fails to adequately allege an actionable claim.

Plaintiff alleges that he seeks to send letters to various officials because he believes that his case should go above the local county level. (D.E. 8, p. 5). Plaintiff hopes that the individuals to whom he is sending his letters will ultimately communicate with him, listen to what he has to say about being in fear of his life, and understand that he wants to bring closure to unspecified families. (*Id.*). Plaintiff also seeks to the bring to the attention of the recipients of the letter relevant information about missing persons, high profile cases, and cold cases. (*Id.* at 6). Plaintiff states that, should his letters be sent to the wrong address and the information contained within fall into the wrong hands, he will be murdered with his whole family under attack as to why he never came forward. (*Id.* at 5).

While Plaintiff primarily seeks to bring his claim against Sheriff Mills in terms of a violation of his Fourteenth Amendment due process rights,[4] this issue is more appropriately

---

[4] Plaintiff further claims Sheriff Mills also violated Plaintiff's constitutional rights under the Nineteenth Amendment, and Article 12 (Correspondence). (D.E. 8, pp. 3, 8). For the same reasons discussed above in connection with Plaintiff's claims regarding the publishing of his indictment, Plaintiff's claims under the Nineteenth Amendment and Article 12 of the Declaration are subject to dismissal with prejudice as frivolous or for failure to state a claim up which relief can be granted.

analyzed as a claimed denial of his First and Fourteenth Amendment right to access the courts. Prisoners have a "fundamental constitutional right of access to the courts" under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). Meaningful access to the courts is the touchstone, as there is no "abstract, freestanding right to a law library or legal assistance." *Id.* at 351.

To prove a denial of meaningful access to the courts, a plaintiff must demonstrate some actual injury, such as the loss or rejection of a nonfrivolous legal claim. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *DeMarco v. Davis*, 914 F.3d 383, 387 (5th Cir. 2019). A pretrial detainee's right to access the courts is satisfied by the provision of counsel. *See Dickinson v. TX, Fort Bend Cnty.*, 325 F. App'x 389, 390 (5th Cir. 2009). "'[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'" *See Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

Plaintiff acknowledges that he is represented by counsel in his pending criminal case in Aransas County. (D.E., p. 2). Moreover, an inmate's right to access the courts "encompasses only 'a reasonable opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'" *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Lewis*, 518 U.S. at 350). Plaintiff alleges no facts to show that his ability to pursue any nonfrivolous claims challenging either his current confinement or

conditions of confinement has been hindered through any action taken by jail officials to deny Plaintiff certain addresses or to provide wrong addresses. Plaintiff's allegations, accepted as true, fail to plausibly allege any cognizable injury or any hardship of a constitutional magnitude. *See Slayton v. Cheadle*, No. H-22-4411, 2023 WL 424832, at *5 (S.D. Tex. Jan. 26, 2023) (Hittner, J.).

For these reasons, Plaintiff fails to plausibly allege a claim for municipal liability with regard to his claims against Sheriff Mills in his official capacity. First, as discussed above, he fails to demonstrate any constitutional injury from the underlying claims, so there can be no municipal liability. *See Williams*, 2023 WL 4833484, at *5 (citing *Whitley*, 726 F.3d at 648-49).

Second, Plaintiff's claims fail to plausibly allege all of the elements required for municipal liability under § 1983. First, the undersigned acknowledges that Plaintiff's allegations show Sheriff Mills to be the policymaker with respect to the rules governing how ACDC officers may limit an inmate's ability to communicate with individuals in the free world. However, while Plaintiff generally references these policies and procedures, he does not allege with specific facts an official policy regarding whether and to what extent Plaintiff may communicate with officials who are not Aransas County officials. Plaintiff's allegations lack any depth of detail to suggest that such a policy is the "moving force" behind the alleged violations of Plaintiff's constitutional rights. *Cf. Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (holding that a plaintiff must provide

specific facts regarding the description of a policy and its relationship to the underlying constitutional violation).

Additionally, Plaintiff's allegations primarily reference only his own situation in the ACDC. He does not provide in sufficient detail allegations of other incidents in which the constitutional rights of inmates have allegedly been violated with regard to limiting their communication with free world officials. This is insufficient to allege a plausible claim for municipal liability under § 1983. *See Peterson v. City of Fort Worth*, 588 F.3d 838, 850-51 (5th Cir. 2009) (explaining that, to show custom that fairly represents municipal policy, the plaintiff must show "sufficiently numerous prior incidents" as opposed to "isolated instances") (citation omitted); *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) ("Allegations of an isolated incident are not sufficient to show the existence of a custom or policy."). Plaintiff, therefore, has not plausibly alleged the existence of a policy or custom, or that any such policy was the "moving force" behind the alleged violation of his constitutional rights.

Accordingly, the undersigned recommends that Plaintiff's claims against Sheriff Mills in his official capacity – construed as municipal liability claims against Aransas County –arising from ACDC officials denying addresses or providing wrong addresses be dismissed with prejudice as frivolous or for failure to state a claim upon which relief can be granted.

### D. Claims on Behalf of Family Members

Throughout his More Definite Statement, Plaintiff expresses concern about harm that may come to his family based on the publishing of his indictment and his letters falling into the wrong hands. (D.E. 8, pp. 5, 7, 9). Liberally construed, Plaintiff appears to raise claims on behalf of his family members.

A litigant is authorized to proceed in federal court as his or her own counsel. 28 U.S.C. § 1654. However, an individual who does not "hold a law license may not represent other parties even on a next-friend basis." *Horttor v. Livingston*, No. 1:16-CV-214, 2019 WL 2287903, at *3 (N.D. Tex. May 29, 2019) (citing *Martin v. City of Alexandria*, 198 F. App'x 344, 346 (5th Cir. 2006)). Plaintiff, therefore, is not authorized to assert claims on behalf of any member of his family. Accordingly, the undersigned respectfully recommends that Plaintiff's claims brought on behalf of his family members be dismissed as frivolous.

### V. RECOMMENDATION

For the reasons stated above and for purposes of §§ 1915A and 1915(e)(2), the undersigned respectfully recommends that the Court: (1) **DISMISS with prejudice** Plaintiff's claims against Aransas County, Sheriff Mills in his official capacity, and the ACDC as frivolous or for failure to state a claim upon which relief can be granted and 1915A(b)(1); and (2) **DISMISS with prejudice** any claim Plaintiff seeks to bring on behalf of family members as frivolous.

The undersigned recommends further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on August 21, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).