Case 2:23-cv-00111   Document 33   Filed on 01/18/24 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
January 18, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWARD MANUAL CORBETT, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:23-CV-00111 |
| ARANSAS COUNTY, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION IN PART

Plaintiff Edward Corbett, appearing pro se and *in forma pauperis*, filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. D.E. 1; D.E. 6. On August 21, 2023, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (M&R), recommending that Corbett's complaint be dismissed with prejudice and that a "strike" be issued for purposes of 28 U.S.C. § 1915(g). D.E. 12. Corbett timely objected. D.E. 14. Corbett also filed several letters asserting errors in the M&R, which the Court construes as raising timely objections. D.E. 15; D.E. 16; D.E. 18. Then, after the deadline for objecting to the M&R expired, Corbett filed more letters asserting errors. D.E. 20; D.E. 21; D.E. 22; D.E. 26; D.E. 27; D.E. 28; D.E. 30; D.E. 32. While untimely, the Court considers the letters to the extent that they elaborate on timely-filed objections. The Court addresses each objection below.

## STANDARD OF REVIEW

The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (discussing pro se petitioner's objections to M&R), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).[1] As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

**Municipal Liability.** First, Corbett objects multiple times that Sheriff Mills and Aransas County are not immune from suit because Sheriff Mills implements policies that govern the Aransas County Detention Center (ACDC), including what staff can provide to inmates regarding mailing addresses. D.E. 14, pp. 2, 3, 7–13. This can be interpreted as

---

[1] *See also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) (discussing pro se petitioner's objections to M&R and stating that "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Jones v. Hamidullah*, No. 2:05-2736, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005) (noting a pro se petitioner's M&R objections were "on the whole . . . without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [M&R]."). In explaining the policy supporting this rule, the Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

an allegation that Sheriff Mills is liable for the conduct of the members of his staff. It can also be interpreted as an allegation that Sheriff Mills is a policymaker, liable for his own conduct. Either way, Corbett has not demonstrated any error in the M&R here.

To the extent that Corbett seeks to impose vicarious responsibility on Sheriff Mills for the actions of ACDC employees (D.E. 12, pp. 7, 12–13; D.E. 8, p. 8), it is well-settled that "Section 1983 offers no *respondeat superior* liability." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002). Therefore, Corbett cannot prevail on his claim against Sheriff Mills if it is based on his employee's conduct.

If, instead, he is alleging a municipal policy claim against Sheriff Mills as a policymaker, his claim fails because—even if Sheriff Mills is a policymaker—Corbett has failed to allege the other two elements of his claim. As the Magistrate Judge explained, to state a claim against Defendants, Corbett must allege: (1) an official policy or custom, of which (2) a policy maker can be charged with actual or constructive knowledge; and (3) a constitutional violation whose "moving force" is that policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Brown v. Kelly*, 294 F. App'x 831, 832 (5th Cir. 2008) (discussing the liability of supervisory officials); D.E. 12, pp. 7–8, 13.

Magistrate Judge Hampton recommended dismissal because Corbett failed to allege an official policy or custom and a constitutional violation whose moving force is that policy or custom. *Id.* at pp. 12, 15. Corbett's objections include copies of directives on Sheriff Mills' letterhead. D.E. 14, pp. 9-12. Corbett appears to have handwritten notes on these documents suggesting that they prove Sheriff Mills' status as a policymaker and his

3 / 13

involvement with jail postal issues. However, the use of letterhead, alone, does not demonstrate that Sheriff Mills authorized the documents, some of which were signed by other members of his staff. More importantly, none of the documents address the specific issues of which Corbett complains—the failure to provide accurate addresses for the intended recipients of his correspondence. Corbett's objection does not demonstrate any error regarding the Magistrate Judge's analysis of the elements of his § 1983 claim. For the reasons further discussed below, the Magistrate Judge correctly concluded that Corbett failed to plead these elements and thus fails to state a claim against Defendants. Therefore, these objections are **OVERRULED**.

Second, Corbett objects a number of times to the Magistrate Judge's finding that he failed to allege a policy or custom under *Monell*. D.E. 14, p. 6; D.E. 15, p. 1; D.E. 16, p. 2; D.E. 18, pp. 1–2; D.E. 26. In his objections, Corbett claims that it is a common practice in Aransas County to provide inmates with incorrect mailing addresses, to deny inmates access to the courts, and to print indictments in the paper once a month, after the grand jury convenes. D.E. 14, p. 6; D.E. 15, p. 1; D.E. 16, p. 2; D.E. 18, pp. 1–2; D.E. 26; D.E. 32, p. 4. But the only policy or custom Corbett alleged before the Magistrate Judge was the one regarding mailing addresses. D.E. 8, p. 4; D.E. 12, p. 16. Because Corbett did not present the other policies or customs before the Magistrate Judge, he waived those arguments. *See Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) (explaining that a party waives arguments that he failed to present before the magistrate judge).

However, even if he did not waive them, all three alleged policies suffer from the same defect. Corbett fails to allege a written policy or "similar incidents that are 'sufficiently numerous' and have 'occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees.'" *Martinez v. Nueces Cnty.*, 71 F.4th 385, 389 (5th Cir. 2023) (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 850–51 (5th Cir. 2009)).

First, regarding Corbett's allegation that it is the custom of Aransas County to provide inmates with incorrect mailing address, Corbett does not demonstrate any error in the Magistrate Judge's conclusion that he alleges only isolated incidents, which are insufficient to allege a policy or custom. *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (collecting cases). Second, regarding the alleged printing of indictments, Corbett alleges that it is a common practice to print indictments in the paper once a month after the grand jury convenes. D.E. 14, p. 6. But Corbett fails to cite any indictments besides his own that were printed in newspapers. *See Peña v. City of Rio Grande City*, 879 F.3d 613, 622 n.14 (5th Cir. 2018) (citing cases and stating that a plaintiff must do more than recite the incident in which the plaintiff was personally involved to plead a policy or custom). Similarly, Corbett fails to allege any similar incidents regarding his allegation that the ACDC has a custom of denying inmates access to the courts. *See* D.E. 16, p. 2. Therefore, Corbett fails to sufficiently allege a policy or custom, and the Court **OVERRULES** these objections.

5 / 13

**Constitutional Violations.** Third, Corbett asserts a number of objections to the Magistrate Judge's finding that he suffered no constitutional violation when newspapers allegedly printed his indictments. In these objections, Corbett repeats his claims that his indictments had misrepresentations that were printed in the paper, which have caused him various injuries including damage to his character, mental anguish, discrimination, and the fear of attack. D.E. 14, pp. 3–4, 5, 6; D.E. 15, p. 1; D.E. 16, p. 3; D.E. 20, pp. 1–10; D.E. 21, pp. 1–3; D.E. 22, pp. 1–3; D.E. 26, pp. 1–2. Corbett requests monetary relief as compensation for these damages. D.E. 14, pp. 5, 7.

However, Corbett's objections merely re-urge allegations from his complaint without identifying any errors in the M&R. *See Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (stating that a party does not raise a factual objection by merely re-urging previous arguments). For the reasons the Magistrate Judge discussed, none of these allegations state any constitutional violations cognizable in a § 1983 claim. D.E. 12, pp. 9–11. Therefore, he fails to state a claim and is not entitled to the monetary relief he requests. *See* 28 U.S.C. § 1915A (stating that a court shall dismiss the complaint if it fails to state a claim upon which relief may be granted). Accordingly, the Court **OVERRULES** these objections.

Fourth, Corbett objects that he has been prevented from communicating with higher authorities because ACDC staff failed to give him correct mailing addresses. D.E. 14, pp. 2–3; D.E. 16, p. 1; D.E. 18, p. 3; D.E. 32, pp. 2–3. Again, Corbett's objections merely re-urge allegations from his complaint without identifying any errors in the M&R. *See*

*Edmond*, 8 F.3d at 293 n.7. As the Magistrate Judge discussed, Corbett fails to allege that the interferences with his mail prevented him from transmitting a necessary legal document to the courts or raising a nonfrivolous legal claim. *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993); *Harbury*, 536 U.S. at 415. He has failed to allege any cognizable injury in this regard.

And although the Magistrate Judge did not analyze these interferences on free speech grounds, Corbett fails to state a constitutional violation here because he does not allege that his outgoing mail was arbitrarily censored. *Brewer*, 3 F.3d at 825–26. Corbett alleges only that staff gave him incorrect addresses or told him they could not provide the information, and that if his letters were to fall into the wrong hands, he and his family could be killed. D.E. 8, p. 4; D.E. 1, p. 4. Yet, as the Magistrate Judge stated, Corbett admits that he has been able to send letters to many of his intended recipients. D.E. 12, p. 3. Because Corbett does not claim that his mail was arbitrarily censored, he has not alleged a constitutional violation here, and the Court **OVERRULES** these objections.

Fifth, Corbett objects that ACDC staff opened his incoming legal mail without his consent. D.E. 14, p. 12. Because Corbett did not raise this claim before the Magistrate Judge, he waived it. *See Cupit*, 28 F.3d at 535. However, even if Corbett did not waive this claim, he fails to state a violation of his First Amendment rights. Corbett does not allege that his incoming mail was censored or that this alleged inspection affected his ability to prepare or transmit necessary legal documents. *See Brewer*, 3 F.3d at 825 (discussing the rights of inmates in their incoming legal mail). Merely opening incoming

legal mail outside the presence of an inmate is not a constitutional violation. *Id.* Therefore, the Court **OVERRULES** this objection.

Sixth, Corbett objects repeatedly that he is being denied access to a law library and that he cannot look up the authorities cited in the M&R. D.E. 14, pp. 2–3; D.E. 16, pp. 1–3; D.E. 18, p. 2; D.E. 27, pp. 1–5; D.E. 28, pp. 2–4; D.E. 30, pp. 1–3. Corbett claims he is being denied access to an adequate law library because he must request books from the ACDC law library by name, but he does not know what is available without an index of available books. D.E. 27, p. 1; D.E. 30, p. 2. Corbett lists a number of books that he has checked out as well as many authorities he claims support his arguments. D.E. 27, pp. 1–5; D.E. 28, pp. 2–4; D.E. 30, pp. 1–3.

Corbett's objections do not identify any errors in the Magistrate Judge's M&R but instead advance a new denial-of-access claim based on his use of a law library. Corbett did not raise any allegations concerning his use of a law library in his complaint or his more definite statement. *See* D.E. 1; D.E. 8. Instead, Corbett first raised them in a supplemental more definite statement, where he provided his library requests and complained that the books he requested sat on the desks of "pod officers" for forty-eight hours. D.E. 10, pp. 3–14. Because these allegations were irrelevant to the claims in this case, the Magistrate Judge interpreted this filing as concerning only a different case Corbett filed before this Court where he complained of shortcomings in the ACDC law library. D.E. 12, p. 5 n.3. Thus, the Magistrate Judge disregarded this filing. *Id.* Corbett did not object to this

interpretation by the Magistrate Judge or identify any error here as he stated that this filing was indeed for his other case. D.E. 16, p. 1.

Moreover, Corbett's allegations fail to state a constitutional violation here. Corbett does not have a freestanding right to a law library; he has the right only to meaningfully access the courts. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). This right for inmates "encompasses only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'" *Johnson v. Rodriguez*, 110 F.3d 299, 310–11 (5th Cir. 1997) (quoting *Lewis*, 518 U.S. at 351). To state a denial-of-access claim, a plaintiff must allege a nonfrivolous legal claim that was hindered. *Harbury*, 536 U.S. at 415. The only underlying claims Corbett alleges are the claims he brings in this suit. D.E. 14, pp. 2–3. However, these claims are frivolous for the reasons discussed here and in the M&R. *See* D.E. 12, pp. 12, 16. Thus, these claims do not satisfy the requisite injury for a denial-of-access claim. *See Harbury*, 536 U.S. at 415 (explaining that only a nonfrivolous claim will support a denial-of-access claim). Furthermore, Corbett's numerous citations to relevant authority belie his arguments that he cannot conduct legal research or adequately respond to the M&R. *See* D.E. 27, pp. 1–5; D.E. 28, pp. 2–4; D.E. 30, pp. 1–3; D.E. 32, pp. 3–4. Therefore, these objections are **OVERRULED**.

Seventh, Corbett also objects that his rights were violated under Article 12 of the Universal Declaration of Human Rights. D.E. 14, pp. 2, 5. However, Corbett's objection merely re-urges allegations from his complaint without identifying any errors in the M&R. *See Edmond*, 8 F.3d at 293 n.7. As the Magistrate Judge correctly explained, Article 12

does not provide Corbett relief in this suit because it is a nonbinding declaration that creates no obligations enforceable in federal courts. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734–35 (2004); *United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009). Therefore, the Court **OVERRULES** this objection.

Eighth, Corbett objects that he has only been given one opportunity to present additional facts in this case and has minimal use of a law library. D.E. 16, p. 1. However, the Magistrate Judge was not required to provide Corbett another opportunity to present facts when she already ordered a questionnaire, and Corbett responded with a more definite statement. *See* D.E. 7; D.E. 8; D.E. 10; *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) (stating that a court should be able to dismiss a significant number of prisoner suits on the complaint together with a questionnaire); 28 U.S.C. § 1915A (e)(2)(B) (stating that the court shall dismiss the case "at any time" if the court determines that the action is frivolous or fails to state a claim).

Moreover, Corbett does not state any facts that he would include if given another opportunity. So there is no indication that his claims would survive with further factual development. *See Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994). The Court can deny a request to amend the pleadings when the plaintiff has already had several opportunities and has not satisfied the pleading standard or if the amended pleading would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court need not grant a motion for leave to amend where the movant fails to specify what amendment is desired and how it would cure its pleading defects. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336

10 / 13

F.3d 375, 387 (5th Cir. 2003). When seeking to amend, the movant must set forth "with particularity the grounds for the amendment and the relief sought." *Id.* The Court **OVERRULES** this objection.

Ninth, Corbett asserts a number of objections claiming generally that Aransas County has committed various constitutional and human rights violations. Among other violations, Corbett claims he has been retaliated against, discriminated against, and denied equal protection. D.E. 14, pp. 8, 12; D.E. 16, p. 3; D.E. 26, p. 3.; D.E. 30, pp. 1–4; D.E. 32, p. 4. However, Corbett did not raise these claims before the Magistrate Judge, so they are waived. *See Cupit*, 28 F.3d at 535. His attachment of a memo sent to all inmates reducing the television viewing hours, on which Corbett appears to have written that it constitutes evidence of retaliation, remains conclusory. *See* D.E. 14, p. 12. These objections further appear to raise unrelated issues that would not be properly joined in this case and do not show any error in the Magistrate Judge's analysis of the constitutional protections presented before her. Thus, the Court **OVERRULES** them.

Finally, reviewing those parts of the M&R to which no objections have been made for plain error, the Court rejects in part the Magistrate Judge's recommendation to dismiss with prejudice the claims Corbett attempted to bring on behalf of his family members. The Magistrate Judge correctly concluded that dismissal is appropriate; Corbett cannot represent the legal interests of others because he is not licensed to practice law, and he lacks standing to assert their rights in this case. *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016) (citing *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir.

11 / 13

1978)); *Gregory v. McKennon*, 430 F. App'x 306, 310 (5th Cir. 2011) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992)).  However, because Corbett had no authority to bring such claims, their dismissal must be without prejudice to the rights of Corbett's family members.  *Morgan v. Texas*, 251 F. App'x 894, 895 n.2 (5th Cir. 2007); *Miguel v. Jack*, No. 23-CV-697, 2023 WL 6466231, at *3 (W.D. Tex. Oct. 4, 2023) (citing *Rodgers*, 819 F.3d at 210).  Thus, the Court **REJECTS** the Magistrate Judge's recommendation that dismissal of these claims be with prejudice.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Corbett's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court **OVERRULES** Corbett's objections.  The Court **REJECTS** the Magistrate Judge's recommendation to dismiss the claims Corbett attempted to bring on behalf of his family members with prejudice rather than without prejudice.  However, the Court **ADOPTS** all other findings and conclusions by the Magistrate Judge.  Accordingly:

(1) Plaintiff's § 1983 claims against Defendants on behalf of his family members are **DISMISSED** without prejudice.

(2) Plaintiff's § 1983 claims against Defendants on behalf of himself are **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief.

(3) It is **ORDERED** that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and the Clerk of Court is **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

This action is **DISMISSED** in its entirety.

**ORDERED** on January 18, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE